Filed 9/17/20  P. v. Stone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090859 |
| Plaintiff and Respondent, | (Super. Ct. No. 62115828) |
| v. | |
| JAMES MICHAEL STONE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Michael Stone filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was originally charged with molesting two young girls, including his daughter, by inappropriately touching both girls and kissing one. A jury found him guilty of three counts of lewd and lascivious conduct on a child under 14 years of age (Pen. Code, § 288, subd. (a)),[1] and found true a multiple victim enhancement (§ 667.61, subd. (c)). The trial court found true allegations that defendant had a serious felony prior (§ 667, subd. (a)(1)), a strike prior (§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), and a prior sex offense (§ 667.61, subd. (d)(1)). He was sentenced to 155 years to life in prison.

Defendant appealed, and in a March 2019 unpublished opinion we reversed the lewd and lascivious conduct count related to defendant's daughter as well as the multiple victim enhancement. (*People v. Stone* (Mar. 12, 2019, C078779) [nonpub. opn.].) We remanded the matter for the trial court to amend the abstract of judgment and to determine whether to exercise newly granted discretion under Senate Bill No. 1393 to strike defendant's prior serious felony conviction under section 667, subdivision (a). (*People v. Stone, supra*, C078779.)

Upon remand, defense counsel filed a written motion to strike the five-year prior serious felony enhancement. The prosecutor opposed the motion.

On October 9, 2019, the trial court conducted a hearing on the motion. Defendant was not present at the hearing, having executed and filed a written waiver of personal presence under section 977.

Following the hearing, the court denied defendant's motion to strike the prior serious felony enhancement. After acknowledging its discretion to dismiss the enhancement and considering the arguments of counsel as well as the facts of the case,

---

[1] Further undesignated statutory references are to the Penal Code.

the court declined to exercise its discretion to dismiss the five-year prior serious felony enhancement.

On October 30, 2019, the trial court filed an amended abstract of judgment showing the imposition of consecutive, doubled terms of 50 years to life for counts one and two, plus five years for the prior serious felony enhancement under section 667, subdivision (a). Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

       /s/
Duarte, J.

We concur:


    /s/
Hull, Acting P. J.


    /s/
Murray, J.